FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 19, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JASON CHARLES YOUKER,<br><br>             Plaintiff,<br><br>   v.<br><br>CALLIE HILLHOUSE; REPUBLIC POLICE DEPARTMENT; REPUBLIC POLICE OFFICERS; CITY OF REPUBLIC; COUNTY OF FERRY; and UNKNOWN CITIZENS,<br><br>             Defendants. | NO: 2:19-CV-177-RMP<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT |

BEFORE THE COURT is a Motion for Summary Judgment by all Defendants in this matter. ECF No. 56. Plaintiff Jason Charles Youker, who is proceeding pro se and in forma pauperis, opposes Defendants' request for summary judgment dismissal of all of Plaintiff's claims. The Court has reviewed Defendants' Motion, ECF No. 56, statement of facts, ECF No. 59, and supporting documentation, ECF Nos. 57 and 60; Plaintiff's response, ECF No. 64, statement of facts, ECF No. 65, and supporting documentation, ECF Nos. 66 and 67; and Defendants' reply, ECF

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 1

No. 68, statement of facts, ECF No. 69, and supporting documentation, ECF No. 70. Further, the Court has reviewed the remaining docket, the relevant law, and is fully informed.

**LEGAL STANDARD**

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A genuine dispute exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.*

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *See Celotex*, 477 U.S. at 323. If the moving party meets this challenge, the burden shifts to the nonmoving party to "set out specific facts showing a genuine issue for trial." *Id.* at 324 (internal quotations omitted). "A non-movant's bald assertions or a mere scintilla of evidence in his favor are both insufficient to withstand summary judgment." *F.T.C. v. Stefanchik*, 559 F.3d 924, 929 (9th Cir. 2009). In deciding a motion for summary judgment, the court must construe the evidence and draw all reasonable inferences in the light most favorable

to the nonmoving party. *T.W. Elec. Serv., Inc. v. Pacific Electric Contractors Ass'n*, 809 F.2d 626, 631–32 (9th Cir. 1987).

## BACKGROUND

### *Context of the Case*

The following facts are undisputed unless otherwise noted. On September 17, 2014, the City of Republic, Washington, Police Department ("RPD") and the Ferry County, Washington, Sheriff's Office ("FCSO") assisted in executing a federal search warrant at Mr. Youker's property. ECF No. 57 at 12. Ferry County Sheriff's Deputy Talon Venturo assisted federal agents from the Drug Enforcement Administration ("DEA"), the Bureau of Alcohol, Tobacco, Firearms and Explosives, North Central Washington Narcotics Task Force ("NCWNTF"), Homeland Security Investigations, and the United States Border Patrol. ECF No. 60 at 12.[1] Although the parties dispute the identity of the agent who arrested Mr. Youker, there is no dispute that an agent from the NCWNTF arrested Mr. Youker on September 17, 2014, for five counts of delivery of a controlled substance,

---

[1] Mr. Youker contends that law enforcement executed the federal search warrant "in the dark of night," and Defendants ask to strike that assertion as unsubstantiated, but the Court finds the time of day that the search warrant was executed to be immaterial to the claims at issue in this matter. ECF Nos. 67 at 1; 69 at 2. Therefore, the Court declines to strike Mr. Youker's description from the record.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 3

methamphetamine/heroin, in violation of Revised Code of Washington ("RCW") § 69.50.401.  ECF Nos. 65 at 1; 69 at 2.

In the execution of the federal search warrant, Deputy Venturo observed suspected stolen property that formed the basis for a subsequent state warrant that then-RPD Detective Loren Culp secured and executed on September 18, 2014.  ECF Nos. 57 at 14; 60 at 12–13.  A Ferry County District Judge signed the search warrant for two parcels of Plaintiff's property, "including buildings, travel trailers and vehicles on the property and hidden compartments above and below ground" and authorized seizure of the property as evidence of the state crimes of first-degree robbery and possession of stolen property.  ECF No. 60 at 43–44.  The FCSO and RPD executed the search warrant on September 18 and/or 19, 2014.  *See* ECF No. 57 at 14–15.

On October 1, 2014, DEA Agent Sam Keiser served Mr. Youker with a notice of seizure and forfeiture and an inventory and return of the state search warrant at the Spokane County Jail.  *See* ECF No. 60 at 40–54.  Plaintiff asserts that he received only the first page of the notice but does not provide any evidence in support of his contention.  ECF No. 65 at 2.  Agent Keiser emailed Deputy Venturo on October 1, 2014, confirming that Agent Kaiser served the full 15-page notice to Mr. Youker at the Spokane County Jail.  ECF Nos. 60 at 14; 70 at 6.

The record in this matter contains an email dated October 29, 2014, from Ferry County Prosecutor's Office Deputy Prosecuting Attorney Emma Paulsen to

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 4

the "chief law enforcement officers of each [relevant] agency" alerting them of

"individuals [who] have requested seizure hearings to contest the seizure and

forfeiture of the seized property and have claimed an ownership interest." ECF No.

66 at 5; *see also* ECF No. 64 at 1. Ms. Paulsen listed Mr. Youker as one of the

"Joint City County Case" defendants who had requested a seizure hearing. *Id.*

There is no indication in the record that Mr. Youker provided written notice of his

claim of ownership of the seized property to the FCSO.

On February 24, 2015, Ferry County Prosecutor's Office Deputy Prosecuting

Attorney Kathryn "Katie" Burke emailed an address that may belong to Ferry

County Sheriff Raymond Maycumber asking "What all property of Youker's do we

have that we want to forfeit?" ECF No. 66 at 37. On March 30, 2016, Ms. Burke

again emailed the address possibly assigned to Sheriff Maycumber along with

Detective Culp, stating in full:

> Hey! I just read an article that DOJ has restored equitable sharing!
> Have you guys heard that? I wonder if that means that we can get a
> piece of the Youker pie?
>
> FYI, I am still working on OUR forfeiture issue. Hoping to get some
> answers soon.

ECF No. 66 at 38.

On June 14, 2016, Defendant Callie Hillhouse, Relief Civil Deputy for the

FCSO, sent Mr. Youker a letter informing him that he had sixty days to arrange to

retrieve the personal property that was still in the custody of the FCSO. ECF No. 57

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 5

at 27. The letter continued, "In accordance with Washington State Law, if we do not hear from you within 60 days from the date of this notice, we will presume you no longer wish to claim the property and it will be disposed of in accordance with the applicable state law, RCW Chapter 63.40." *Id.*

On approximately July 19, 2016, Mr. Youker appointed Destanie Daniel to receive the property in the custody of the FCSO on his behalf. ECF Nos. 60 at 56; 66 at 14. After Ms. Hillhouse received the notarized release, she spoke with Ms. Daniel by telephone on July 26, 2016, and learned that Ms. Daniel was gathering a moving crew to retrieve the property. *Id.* However, as Ms. Hillhouse wrote to Sheriff Maycumber on approximately August 11, 2016, "When [Ms. Daniel] arrived on August 1, 2016, it was discovered that she had a warrant out of Snohomish County. She was arrested and transported to Snohomish County . . . . Upon her release from Snohomish County, she has made no other contact with me." *Id.* Mr. Youker alleges that Ms. Daniel was arrested and transported pursuant to a "non-extradictable [sic]" warrant. ECF Nos. 64 at 3; 65 at 12. The record supports that Ms. Daniel was arrested consistent with the warrant. ECF Nos. 60 at 59 (record of misdemeanor warrant indicating that the warrant was for "Snohomish County Only," with a phone number provided for verification purposes, and listing the extradition status as "No extradition–in state pick up only."); 66 at 14 (letter from Ms. Hillhouse to Sheriff Maycumber indicating that "Snohomish Co. verified that the warrant was valid and they would take her").

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 6

1      Mr. Youker further alleges that Ms. Hillhouse "immediately ran a [sic] illegal

2  criminal background check on Daniel, and discussed daniels [sic] non-extradictable

3  warrant with Prosecutor Burke on July 27, 2016[.]"  ECF No. 65 at 2 (citing ECF

4  No. 66 at 39).  The email from Ms. Hillhouse to Ms. Burke merely indicates that Ms.

5  Hillhouse "sent Jason Youker a 60 day notice on his property and received a

6  notarized statement back designating a third party to pick up the property[,]"

7  followed by redacted content consisting of less than one line of text.  ECF No. 66 at

8  39.  The Court finds no support in this document for Mr. Youker's allegation that

9  Ms. Hillhouse ran an illegal criminal background check on Ms. Daniel.[2]

10      Ms. Hillhouse also recounted to Sheriff Maycumber that she had received two

11 letters from Arian Noma, an attorney practicing law in Tonasket, Washington.  ECF

12 No. 66 at 14.  Mr. Noma's first letter was dated August 1, 2016, and indicated that

13 Mr. Noma represented Mr. Youker, who was incarcerated but "does not desire or

14 intend to give up any ownership rights in the property. . . ."  ECF No. 66 at 14, 32.

15 Mr. Noma contested the application of RCW 63.40 to the disposition of Mr.

16 Youker's seized property.  *Id.*  The FCSO unsuccessfully attempted to contact Mr.

17

18 [2] The Court has scrutinized the parties' statements of facts, and the materials that
   they cite in support, to ensure that the assertions of fact upon which the Court
19 relies are supported by the evidence in the summary judgment record.  *See* Fed. R.
   Civ. P. 56(c).  The Court finds it unnecessary to take the additional step of striking
20 portions of Plaintiff's Statement of Material Facts, as Defendants request.  *See*
   ECF No. 69.
21

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 7

Noma to pursue whether Mr. Youker had executed a notarized release for him, recalling that the phone number listed on Mr. Noma's letterhead was "not a working phone number." *Id.*

The sixty-day period announced in the FCSO's June 14, 2016 letter ended on August 13, 2016. ECF No. 66 at 14. In a letter dated August 22, 2016, Ms. Hillhouse reported to Sheriff Maycumber that the FCSO had received a second notarized statement from Mr. Youker dated August 16, 2016, re-authorizing Ms. Daniel as well as three other people to retrieve his property. ECF No. 66 at 15. The FCSO also received a letter from Mr. Noma dated August 20, 2016, requesting to retrieve Mr. Youker's property between August 20, 2016, and September 7, 2016. *Id.* It is unclear whether Mr. Noma was one of the individuals authorized by Mr. Youker to retrieve the property. *See id.*

On November 2, 2016, the FCSO published a "Notice of Public Action" on "November 12" for "rifles, pistols, vehicles, tools, and other misc. items from the Sheriff's Evidence Room . . . ." ECF No. 57 at 30.

With respect to currency that had been seized, the NCWNTF Task Force Supervisor, Josh Petker, sent Mr. Youker a letter dated June 21, 2017:

> Pursuant to your letter dated 09/30/2014 claiming ownership for the above listed property, you are hereby advised that a forfeiture hearing has been scheduled. The hearing date is August 2, 2017 at 1300 hours. The location will be the Okanogan County Sheriff's Office, 123 5th Ave. N. Okanogan, WA room #200. If you cannot make a personal appearance notify me prior to the hearing date so telephone arrangements can be made.

ECF No. 66 at 10.

### *Procedural History*

Plaintiff initiated this case through a Complaint filed on May 24, 2019.  ECF No. 1.  The Court screened Plaintiff's Complaint pursuant to the Prison Litigation Reform Act of 1995 and determined that Plaintiff failed to state a claim upon which relief could be granted under 42 U.S.C. § 1983, based either on the alleged unconstitutional seizure by the RPD of Plaintiff's property, or on the alleged violation by Callie Hillhouse of Plaintiff's statutory forfeiture rights under the Fourth, Fifth, and Fourteenth Amendments.  ECF No. 11.  With respect to seizure of the property, the Court found that the three-year statute of limitations applicable to section 1983 claims would bar relief unless Plaintiff alleged how equitable tolling applied.  *Id.* at 6.  The Court gave Plaintiff an opportunity to file an amended complaint to address the deficiencies.  *Id.* at 8–9.

On September 9, 2019, Plaintiff timely filed a First Amended Complaint claiming that: (1) Defendants "Republic Police Officers" violated Plaintiff's Fourth Amendment rights by illegally seizing his property; (2) one or all of the Defendants[3] deprived Plaintiff of his due process rights when they seized his property; (3) Defendants RPD, City of Republic, and Ferry County are liable for violation of

---

[3] Plaintiff alleges that "Defendant's [sic] committed an illegal seizure and committed a constitutional due process violation[,]" without specifying which Defendant allegedly acted unconstitutionally.  ECF No. 14 at 11.

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 9

Plaintiff's rights under a theory of municipal or supervisor liability; (4) Defendants Callie Hillhouse and Republic Police Officers violated constitutional rights by committing "fraud and conspiracy."  ECF No. 14.  Plaintiff seeks compensatory and punitive damages as well as "other and further relief" as the Court deems just.  *Id.* The Court directed the U.S. Marshals Service to serve the First Amended Complaint, ECF No. 14, and Defendants answered on December 27, 2019,  ECF No. 27.

The Court issued a Jury Trial Scheduling Order on March 4, 2020.  ECF No. 40.  The motion set a deadline of June 4, 2020, for any motion to amend pleadings or add named parties.  *Id.* at 3.  On June 22, 2020, Plaintiff filed, without obtaining leave from the Court, a Second Amended Complaint.  ECF No. 47.  This unauthorized Second Amended Complaint included additional factual allegations and named additional defendants but raised the same four claims as the First Amended Complaint.  *Id.*  Defendants filed their Motion for Summary Judgment on October 23, 2020 and objected to Plaintiff's unauthorized filing of the Second Amended Complaint.  ECF No. 56 at 3 n. 3.  Plaintiff did not respond to Defendant's objection and has not set forth any basis for this Court to accept his untimely Second Amended Complaint.  *See* ECF Nos. 64; 65 at 3 (referring only to First Amended Complaint).  As Plaintiff's Second Amended Complaint was untimely, was not authorized, and Defendants objected to his filing in their Motion for Summary Judgment, the First Amended Complaint remains the operative complaint in this matter.

1

**DISCUSSION**

2      Section 1983 provides a cause of action for the "deprivation of any rights,

3   privileges, or immunities secured by the Constitution and laws" of the United States.

4   42 U.S.C. § 1983.  To secure relief under section 1983, a plaintiff must demonstrate

5   two essential elements: (1) that the defendant violated a right secured by the U.S.

6   Constitution or federal statute; and (2) the violation was committed by a person

7   acting under the color of state law.  *Collins v. City of Harker Heights*, 503 U.S. 115,

8   120 (1992).

9      ***Mr. Youker's Claims Against the RPD and "Republic Police Officers"***

10      Mr. Youker claims that the RPD and/or unnamed "Republic Police Officers"

11   illegally seized his property, deprived him of his due process rights, and committed

12   fraud and conspiracy.  ECF No. 14.  Defendants argue that the RPD is not a proper

13   defendant, as a department of the City of Republic.  *See* ECF Nos. 56 at 7; 68 at 2.

14      A county or municipality is subject to suit under 42 U.S.C. § 1983.  *Monell v.*

15   *Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978).  However, a municipality may not be

16   sued under section 1983 solely because an injury was inflicted by an employee or

17   agent.  *Id.* at 694.  A municipality is not vicariously liable for the unconstitutional

18   acts of its employees under the theory of respondeat superior.  *Id.* at 691.  Rather,

19   counties or municipalities are "persons" subject to liability under 42 U.S.C. § 1983

20   only where official policy or custom causes the injury.  *Id.* at 690.

21

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

Moreover, as the Court notified Mr. Youker in its screening order, municipal or county departments generally are not considered "persons" within the meaning of section 1983.  ECF No. 11 at 4 (citing *United States v. Kama*, 394 F.3d 1236, 1239–40 (9th Cir. 2005)); *see also Vance v. Cty. Of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996) (sua sponte dismissing Santa Clara Department of Corrections as improper defendant).  Mr. Youker has not addressed the Court's previous admonition that the RPD, as a municipal department, is not a "person" separate from the City of Republic under section 1983.  Based on the Ninth Circuit caselaw finding police departments to be improper defendants in section 1983 actions, the Court grants Defendants' summary judgment motion with respect to dismissal of the RPD and analyzes the four claims against it as if brought only against Defendant City of Republic.  *See Langley v. Tulare Police Dep't*, No. 1:16-cv-00336-DAD-SKO, 2018 U.S. Dist. LEXIS 5424, at *2 n.1 (E.D. Cal. Jan. 10, 2018).

The Court addresses claims against the unnamed Republic Police Officer Defendants claim-by-claim.

### *Fourth Amendment Claim*

Plaintiff claims that Republic Police Officers exceeded the scope of the state search warrant executed on September 18, 2014,[4] when they seized property that

---

[4] Plaintiff refers to the federal search warrant in his First Amended Complaint, but it was the state search warrant that was executed on September 18, 2014.  *See* ECF Nos. 14 at 7; 57 at 14; 60 at 12–13.

1    Plaintiff asserts was not particularly described.  ECF No. 14 at 7.  Defendants

2    respond to Plaintiff's Fourth and Fourteenth Amendment claims under section 1983

3    together.  *See* ECF No. 68 at 5–6.  Defendants also maintain that Plaintiff's Fourth

4    and Fourteenth Amendment claims under section 1983 are barred by the applicable

5    three-year statute of limitations.  *Id.* at 9.

6         The Court notes that Plaintiff's filings do not make it clear whether Plaintiff

7    intends to assert a Fourth Amendment claim separate from his Fourteenth

8    Amendment claim concerning wrongful deprivation of his property with inadequate

9    process.  *See* ECF No. 64 at 8–9 (contesting the duration of the seizure of his

10   property and the lack of a hearing).

11        The Fourth Amendment requires a warrant to be issued upon probable cause

12   and to describe with particularity the place to be searched and the persons or things

13   to be seized.  U.S. Const. amend. IV; *see also United States v. Spilotro*, 800 F.3d

14   959, 964 (9th Cir. 1986).  Moreover, a search or seizure pursuant to a valid warrant

15   is unreasonable under the Fourth Amendment to the extent that it exceeds the scope

16   of the warrant.  *Horton v. California*, 496 U.S. 128, 140 (1990).

17        "A statute of limitations under § 1983 . . . begins to run when the cause of

18   action accrues, which is when the plaintiffs know or have reason to know of the

19   injury that is the basis of their action."  *RK Ventures, Inc. v. City of Seattle*, 307 F.3d

20   1045, 1058 (9th Cir. 2002).  The statute of limitations is three years.  *Boston v.*

21

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 13

1    *Kitsap Cty.*, 852 F3d 1182, 1185 (9th Cir. 2017).  The disputed seizure occurred in

2    September 2014.  Plaintiff did not file this lawsuit until May 24, 2019.  ECF No. 1.

3            The Court looks to Washington state law to determine whether Plaintiff's

4    section 1983 claims qualify for equitable tolling of the statute of limitations.  *Jones*

5    *v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004).  "The predicates for equitable tolling

6    are bad faith, deception, or false assurances by the defendant and the exercise of

7    diligence by the plaintiff."  *Millay v. Cam*, 135 Wash.2d 193, 206 (Wash. 1998).

8    Courts "typically permit equitable tolling to occur only sparingly, and should not

9    extend it to a garden variety claim of excusable neglect."  *State v. Robinson*, 104

10   Wash. App. 657, 667 (Wash. 2001) (internal quotations omitted).  Washington State

11   also allows for a tolling period if a person is incompetent or disabled to such a

12   degree that he or she cannot understand the nature of the proceedings.  *See* RCW

13   4.16.190; *see also Williams v. Holevinski*, No. 04-cv-123-RHW, 2006 U.S. Dist.

14   LEXIS 52311, 2006 WL 2167105, *2 (E.D. Wash. July 31, 2006).  While Defendant

15   carries the initial burden of proving that a statute of limitations applies, "plaintiff . . .

16   carries the burden of proof if [he] alleges that the statute was tolled and does not bar

17   the claim."  *Pope v. McComas*, No. 07-cv-1191-RSM-JPD, 2011 U.S. Dist. LEXIS

18   45149, 2011 WL 1584213, at *7 (W.D. Wash. Mar. 10, 2011), *report and*

19   *recommendation adopted*, 2011 U.S. Dist. LEXIS 45140, 2011 WL 1584200 (W.D.

20   Wash. Apr. 26, 2011) (citing *Rivas v. Overlake Hospital Medical Center*, 164 Wn.2d

21   261, 267 (Wash. 2008)).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 14

Although Plaintiff appears from the record to have been continuously incarcerated since the relevant search warrant was executed, the Court does not find any support for tolling based on Plaintiff's inability to understand the nature of the seizure and forfeiture proceedings.  Indeed, Plaintiff has demonstrated his ability to understand the seizure and forfeiture proceedings by articulating his concerns in the pleadings in this matter.  Plaintiff does not offer evidence of bad faith, deception, or false assurances by Defendants to support equitable tolling of the statute of limitations for a Fourth Amendment claim beyond September 2017.

Even if the statute of limitations were tolled, which the Court finds no basis to do, Plaintiff only generically objects that the state search warrant obtained on September 18, 2014, did not provide for "seizure of everything a man owns."  ECF No. 64 at 3.  The Court finds no support in the record for Plaintiff's allegation that Defendants seized property beyond the scope of the relevant state search warrant. Consequently, the Court finds that Mr. Youker has failed to state a claim on which relief can be granted.  Accordingly, the Court grants Defendants' summary judgment motion with respect to a Fourth Amendment claim under section 1983.

### Fourteenth Amendment Claims

Plaintiff asserts that he was not afforded proper due process with respect to the forfeiture of property seized during the execution of the September 18, 2014 state search warrant, and, therefore, his Fourteenth Amendment rights were violated by the forfeiture.  ECF No. 64 at 8–9.

1          Defendants argue that Plaintiff was provided adequate process pursuant to

2    RCW 10.105.010, a Washington statute providing for forfeiture of personal

3    property.  Defendants further contend that Ms. Hillhouse should not have sent her

4    June 14, 2016 letter to Mr. Youker because he already had forfeited his rights to the

5    seized personal property under a Washington statute other than RCW 63.40, which

6    Ms. Hillhouse cited in her correspondence.  ECF No. 56 at 4.  Defendants argue that

7    RCW 10.105.010 provided the pre- and post-deprivation framework for Mr. Youker

8    to retrieve his property, and Mr. Youker did not timely notify the FCSO by

9    November 3, 2014, that he claimed an ownership or possessory interest over the

10   seized property under that statute.  *Id.*  Defendants continue, "Despite being

11   provided a second unwarranted chance to retrieve his property, Mr. Youker failed to

12   retrieve the property within the sixty days of Ms. Hillhouse's letter and his property

13   was subsequently auctioned off by the FCSO on November 12, 2016."  ECF No. 56

14   at 5 (citing ECF No. 57 at 30).

15         Deprivation of property by a state actor, whether intentional or negligent, does

16   not support a claim under section 1983 if state law provides a meaningful post-

17   deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional

18   deprivation of property not actionable under section 1983 where post-deprivation

19   remedy available); *Parratt*, 451 U.S. 527, 542–43 (1981) (negligent deprivation of

20   property not actionable where post-deprivation remedy available), *overruled on*

21   *other grounds by Daniels v. Williams*, 474 U.S. 327 (1986).

Under RCW 10.105.010, a defendant's personal property is subject to forfeiture if it was: (1) used "in the commission of, or in aiding or abetting in the commission of[,] any felony"; or (2) acquired for, during, or as a result of any felony.  RCW 10.105.010(1).  The State also must meet certain procedural requirements under RCW 10.105.010(3)-(5), such as giving the owner proper notice. *State v. Trevino*, No. 47613-4-II, 2016 Wash. App. LEXIS 1618, at *4 (Ct. App. July 12, 2016).  Property seized pursuant to RCW 10.105.010 is deemed forfeited if "no person notified the seizing law enforcement agency in writing of the person's claim of ownership or right to possession of [the seized property] within forty-five days of its seizure . . . ."  RCW 10.105.010(4).

The law is well established that a plaintiff does not state a viable section 1983 claim based on wrongful confiscation of property when the plaintiff "possesses an adequate post-deprivation remedy under state law." *Jeffries v. Reed*, 631 F. Supp. 1212, 1216 (E.D. Wash. 1986) (citing *Parratt*, 451 U.S. 527). Washington State provides for a meaningful post-deprivation remedy for the loss of property by state agents and employees through a common law tort claim.  *Jeffries*, 631 F. Supp. at 1216 (citing *Franklin v. State Welfare Division*, 662 F.2d 1337, 1345–46 (9th Cir. 1981)); *see also Federal Way Dep't of Pub. v. 1996 Toyota*, No. 41028-8-1, 1998 Wash. App. LEXIS 727, at *1–2 (Ct. App. May 18, 1998) (resolving an appeal regarding a disputed claim of ownership of property seized pursuant to RCW 10.105.010 that was removed to state Superior Court).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 17

Plaintiff's response and supporting materials rely on an October 29, 2014 email from an attorney in the Ferry County Prosecutor's Office, which included Plaintiff in a list of individuals who had requested a seizure hearing, to attempt to raise a material question of fact about whether Plaintiff timely claimed ownership of the property after it was seized. However, whether Plaintiff properly claimed ownership of the seized property within forty-five days of its seizure under RCW 10.105.010(4) is irrelevant to a Fourteenth Amendment civil rights claim because Plaintiff does not challenge the constitutional adequacy of the forfeiture procedures, but rather the individual actions of Defendants. Plaintiff's contentions are matters of state tort law. *See Wright v. Fred Hutchinson Cancer Research Ctr.*, 269 F. Supp. 2d 1286, 1291–92 (W.D. Wash. Aug. 8, 2002) (holding that under the Supreme Court decisions in *Parratt* and *Hudson*, "situations involving a deprivation caused by random and unauthorized acts of state officials in contravention of established state procedures cannot be predicted, making it virtually impossible to provide the type of predeprivation notice and hearing that are generally required." Therefore, "[i]n such circumstances, the 'meaningful post-deprivation remedy' provided by state tort law is all the process that is due.") (quoting *Parratt*, 451 U.S. at 544).

Although there were repetitive notices and convoluted procedures for the forfeiture of items seized from Plaintiff's property in September 2014, the Court finds no genuine dispute regarding any fact material to Plaintiff's claim of a Fourteenth Amendment violation. Plaintiff does not make any argument for why

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 18

state court post-deprivation procedures are inadequate or that the state pre-deprivation notice and hearing procedures are defective. *See Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982) (recognizing that a section 1983 claim may be premised on an argument that the state's established procedure infringed on the plaintiff's property interest, not on an assertion that a state employee's random and unauthorized act deprived a plaintiff of property). Moreover, Plaintiff has not responded to the evidence produced by Defendants of the notice that Plaintiff was provided with any evidence that he timely requested a hearing through written notice to the FCSO in 2014 or that he timely complied with the requirements for claiming the property set forth in Ms. Hillhouse's June 2016 letter. Rather, the record supports that Plaintiff had multiple opportunities to contest the forfeiture, and, as a matter of law, Plaintiff's Fourteenth Amendment claim is deficient because it challenges an alleged deprivation caused by random acts of individual state officials, which is not actionable under section 1983. Furthermore, Mr. Youker does not argue that the post-deprivation remedy is inadequate or that the established state procedures themselves deprive individuals of property without due process. Therefore, the Court grants summary judgment to Defendants on Plaintiff's section 1983 claim based on the Fourteenth Amendment.

### *Fraud and Conspiracy Claims*

Plaintiff argues that Defendants conspired against him beginning with the execution of the search warrant in September 2014 "and continued through out [sic]

1    until defendant's [sic] claimed property for themselves in August of 2016."  ECF

2    No. 64 at 7.  Plaintiff offers as support Ms. Hillhouse's letters to Sheriff

3    Maycumber, detailing Ms. Daniel's arrest when she came to retrieve Plaintiff's

4    property on August 1, 2016, and Ms. Burke's statement regarding "Youker Pie" in

5    her email.  *Id.* at 7–8.  Plaintiff claims that Ms. Hillhouse made "fraudulent"

6    statements to Mr. Noma, that Ms. Hillhouse referenced in her letter to Sheriff

7    Maycumber.  ECF No. 64 at 6–7.  Specifically, Plaintiff claims that Ms. Hillhouse

8    "used fraudulent policy statements and statute RCW 63.40 illegally" when she wrote

9    to Mr. Youker that RCW 63.60 provided a sixty-day period from the June 14, 2016

10   Notice for Mr. Youker to claim the property.  ECF No. 64 at 6–7.  Defendants seek

11   summary judgment regarding Plaintiff's fraud and conspiracy claims on the basis

12   that they arise under "tort law and do not involve any constitutional violations

13   actionable under section 1983."  ECF No. 68 at 3.

14        To state a claim for a conspiracy to violate Plaintiff's constitutional rights

15   under section 1983, Plaintiff must state specific facts to support the existence of the

16   claimed conspiracy.  *Burns v. Cty. of King*, 883 F.2d 819, 821 (9th Cir. 1989).

17   Those facts must indicate "an agreement or 'meeting of the minds' to violate

18   constitutional rights."  *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (quoting

19   *United Steelworkers of Am. v. Phelps Dodge Corp.*, 865 F.2d 1539, 1540–41 (9th

20   Cir. 1989) (en banc)).  "To be liable, each participant in the conspiracy need not

21   know the exact details of the plan, but each participant must at least share the

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT ~ 20

common objective of the conspiracy." *Id.* at 441.  A court may infer this agreement or meeting of the minds based on circumstantial evidence, such as the actions of the defendants.  *Mendocino Envtl. Ctr. v. Mendocino County*, 192 F.3d 1283, 1301 (9th Cir. 1999).  For instance, Plaintiff may rely on evidence that Defendants committed acts that "are unlikely to have been undertaken without an agreement" to infer a conspiracy.  *Id*.  In addition, a conspiracy to violate constitutional rights must be predicated on a viable underlying constitutional claim.  *See Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005).  In addition, a section 1983 conspiracy claim requires "an actual deprivation of constitutional rights."  *Hart v. Parks*, 450 F.3d 1059, 1071 (9th Cir. 2006).  "The defendants must have, by some concerted action, intended to accomplish some unlawful objective for the purpose of harming another which results in damage."  *Mendocino Envtl. Ctr.*, 192 F.3d at 1301.

Plaintiff does not offer any support for his conspiracy claims beyond conclusory allegations.  While the Court understands why the statement in the record about getting "a piece of the Youker pie" likely offends Mr. Youker, that statement by a prosecutor who is not named as a defendant and in a context outside of the primary events related to seizure of Plaintiff's property, does not provide any support that there was any agreement among Defendants to violate Plaintiff's constitutional rights.  Non-defendant prosecuting attorney Ms. Burke made the "Youker pie" statement, without any indication of what plan or objective that remark could have implied and without evidence of any agreement with that statement by

Defendants.  ECF No. 66 at 38; *see United Steelworkers of America v. Phelps Dodge Corp.*, 865 F.2d 1539, 1541 (9th Cir. 1989) (holding that, to be liable, "each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.").  "A mere allegation of conspiracy without factual specificity is insufficient."  *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

In addition to lacking detail, Plaintiff's conclusory allegations also do not describe a conceivable conspiracy.  Had Defendants shared an objective of depriving Mr. Youker of his property, they could simply have retained the property after 45 days elapsed following its seizure in September 2014.  *See* RCW 10.105.010.  There is no indication that other Defendants cooperated with Defendant Hillhouse in the RCW 63.60 process in summer and fall 2016 with any objective of depriving Mr. Youker of his property.  Moreover, Mr. Youker and his designees themselves missed the 60-day deadline set by Ms. Hillhouse's letter.  Ms. Hillhouse was not in control of their actions.  It was the failure to act by Mr. Youker and his designees that resulted in the forfeiture of the property.  Therefore, the Court does not find evidence supporting any conspiracy.  Additionally, the Court does not find any dispute of material fact with respect to Plaintiff's conspiracy claim and, consequently, grants summary judgment to Defendants on this issue.

With respect to fraud, federal courts look to state law for the elements of a viable claim.  *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009).

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 22

Under Washington state law, a fraud claim requires a showing of "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wn.2d 486, 505 (1996).

Plaintiff has made conclusory allegations of fraud that are insufficient to support any of the required elements of a claim of fraud. For example, Plaintiff maintains that Defendant Hillhouse invented a "fraud policy . . . requiring [Ms.] Daniel to get a new notarized letter, then played more policy fraud games with plaintiffs [sic] hired attorney, all to get a piece of the 'Youker Pie.'" ECF No. 64 at 3. Plaintiff continues elsewhere in his response that: "Hillhouse is a civil deputy, who violated constitutional rights intentionally to deprieve [sic] plaintiff of his property by changing policies in the act of returning property, using fraudulent policy statements and statute RCW 63.40 illegally. Not-to-mention conspiring to run illegal background checks to arrest a citizen who committed no crime. Hillhouse knew that all this conduct she was committing was unlawful conduct." *Id.* at 6. However, Mr. Youker has not submitted any evidence to support that Defendant Hillhouse intended to mislead by sending the June 2016 letter to Plaintiff. Nor is there evidence in the record of an illegal background check or knowledge that Defendant Hillhouse "was committing . . . unlawful conduct." Without evidence

supporting those contentions, the Court finds that there are no material disputes of fact with respect to any fraud claim by Plaintiff. Accordingly, summary judgment for Defendants shall be entered on the fraud claim, as well.

### *Municipal and Supervisor Liability*

Defendants argue that Plaintiff has not shown either that: (1) the City of Republic or Ferry County has engaged in any pattern of failing to properly train its employees and that the alleged failure resulted in a violation of Mr. Youker's constitutional rights; or (2) a single decision by a policymaker resulted in a violation of Mr. Youker's constitutional rights. Plaintiff responds that a failure by the "City and County to properly train their employees" resulted in the claimed constitutional violations. ECF No. 64 at 9.

As discussed above, counties or municipalities are "persons" subject to liability under 42 U.S.C. § 1983 only where official policy or custom causes the constitutional injury. *Monell*, 436 U.S. at 690. Municipal liability attaches where "a deliberate choice to follow a course of action is made. . . by the official or officials responsible for establishing final policy with respect to the subject matter in question." *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986).

Because the Court has found that Plaintiff has not supported his claims of a constitutional violation, there is no basis for the Court to proceed further in determining whether the County or City's policies or customs were the moving forces behind a constitutional violation. Accordingly, the Court grants Defendants'

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 24

summary judgment motion for dismissal of Plaintiff's claim for liability against Ferry County and the City of Republic.

### *Qualified Immunity*

Plaintiff argues that Defendant Hillhouse violated his clearly established constitutional rights and is not immune from his section 1983 claim. ECF No. 64 at 5–6. Defendants argue that Ms. Hillhouse, the only named individual Defendant, is entitled to qualified immunity from Mr. Youker's claims. ECF No. 56 at 7–8.

The doctrine of qualified immunity shields government actors from civil liability under 42 U.S.C. § 1983 if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has set forth a "two-step sequence for resolving government officials' qualified immunity claims." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "First, a court must decide whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right." *Id.* "Second, if the plaintiff has satisfied this first step, the court must decide whether the right at issue was 'clearly established' at the time of defendant's alleged misconduct." *Id.*

The Supreme Court has emphasized that the qualified immunity standard sets a low bar, explaining that "[q]ualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 25

applied," qualified immunity shields from liability "all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*, 563 U.S. at 743.

Having determined that there is no constitutional violation, the Court finds that the first prong of qualified immunity is not satisfied, and, furthermore, that the Court need not reach the clearly established prong. *See Pearson*, 555 U.S. at 232.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion for Summary Judgment, **ECF No. 56**, is **GRANTED**.

2. Judgment shall be entered for Defendants on all counts.

3. All other pending motions in this matter are **DENIED AS MOOT**, and all upcoming hearings are **STRICKEN**.

4. Given that the Court is granting summary judgment for Defendants based on well-settled law, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that appeal of this decision would not be taken in good faith.

**IT IS SO ORDERED**.  The District Court Clerk is directed to enter this Order, provide copies to Plaintiff and counsel, and **close the file** in this case.

**DATED** February 19, 2021.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ~ 26